# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,<br><br>                      Remaining Debtors | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>                      Plaintiff,<br><br>                      vs.<br><br>HARRIS FINANCIAL MANAGEMENT and JOHN G. HARRIS<br><br>                      Defendants | Adv. No. 19-51011 (BLS) |

## HARRIS FINANCIAL MANAGEMENT AND JOHN G. HARRIS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OBJECTING TO CLAIMS AND COUNTERCLAIMING FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS, FOR EQUITABLE SUBORDINATION, FOR SALE OF UNREGISTERED SECURITES, FRAUD, AND FOR AIDING AND ABETTING FRAUD

Defendants Harris Financial Management and John G. Harris ("Defendants"), though counsel, hereby answer Plaintiff's Complaint and assert their affirmative defenses, as follows:

## NATURE OF THE ACTION

1. Defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

2. Defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

3. Defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

## JURISDICTION AND VENUE

4. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

5. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

## THE PARTIES

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

12. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

13. Defendants admit Defendant Harris is an individual and resident of Pennsylvania. Defendants deny the remaining allegations in this paragraph.

14. Defendants deny the allegations in this paragraph.

## FACTUAL BACKGROUND

15. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

16. Defendants admit that the Woodbridge notes and units were not registered as securities with the SEC or state securities agencies. Defendants deny the remaining allegations.

17. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

18. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

19. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

20. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

21. Denied.

22. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

23. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

24. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

## FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Preferential Transfers**

25. Defendants incorporate their responses to the allegations alleged in paragraphs 1-24 of the Complaint as though set forth herein.

26. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

27. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

28. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

29. Denied.

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

30. Defendants incorporate their responses to the allegations alleged in paragraphs 1-29 of the Complaint as though set forth herein.

31. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

32. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

33. Denied.

34. Denied.

### THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

35. Defendants incorporate their responses to the allegations alleged in paragraphs 1-35 of the Complaint as though set forth herein.

36. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

37. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

38. Denied.

39. Denied.

### FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Voidable Transactions – State Law**

40. Defendants incorporate their responses to the allegations alleged in paragraphs 1-39 of the Complaint as though set forth herein.

41. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

42. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

43. Denied.

44. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

45. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

46. Denied.

## FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

47. Defendants incorporate their responses to the allegations alleged in paragraphs 1-46 of the Complaint as though set forth herein.

48. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

49. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

50. Denied.

51. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

52. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

53. Denied.

## SIXTH CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)

**Objection to Claims (Bankruptcy Code Section 502(d))**

54. Defendants incorporate their responses to the allegations alleged in paragraphs 1-53 of the Complaint as though set forth herein.

55. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

56. Denied.

## SEVENTH CLAIM FOR RELIEF

### Equitable Subordination of Clams

57. Defendants incorporate their responses to the allegations alleged in paragraphs 1-56 of the Complaint as though set forth herein.

58. Denied.

59. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

60. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

61. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

62. Denied.

## EIGHTH CLAIM FOR RELIEF

### Sale of Unregistered Securities (Securities Act Section 5(a), 5(c), and 12(a))

63. Defendants incorporate their responses to the allegations alleged in paragraphs 1-62 of the Complaint as though set forth herein.

64. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

65. Defendants admit that the Woodbridge notes and units were not registered with the SEC. The remaining allegations require a legal determination. To the extent an answer is required, Defendants deny same.

66. Defendants admit that they sold Woodbridge notes and units. The remaining allegations require a legal determination and Defendants deny same.

67. The allegations alleged in this paragraph require a legal determination. To the extent an answer is required, Defendants deny same.

68. The allegations alleged in this paragraph require a legal determination. Furthermore, Defendants are without information or knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

69. Denied.

## NINTH CLAIM FOR RELIEF

### Fraud

70. Defendants incorporate their responses to the allegations alleged in paragraphs 1-69 of the Complaint as though set forth herein.

71. Denied.

72. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

73. Denied.

74. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

75. Denied.

## TENTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

76. Defendants incorporate their responses to the allegations alleged in paragraphs 1-75 of the Complaint as though set forth herein.

77. Defendants are without information and knowledge to admit or deny the allegations in this paragraph and, therefore, deny same.

78. Denied.

79. Denied.

80. Defendants admit they received compensation, and deny the balance of the allegations in this paragraph.

81. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The claims set forth in the Complaint are barred under the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, in pari delicto, and/or estoppel.

9

**FOURTH AFFIRMATIVE DEFENSE**

4. The obligations incurred by the Debtors were incurred in the ordinary course of business.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff may not recover the alleged payments because the parties intended the transfers to be part of a contemporaneous exchange for new value given to the Debtors and the transfers were, in fact, substantially contemporaneous under 11 U.S.C. §547(c).

**SIXTH AFFIRMATIVE DEFENSE**

6. Some or all payments made by the Debtors to Defendants were made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).

**SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent that the transfers were otherwise avoidable under 11 U.S.C. §547(b), after such transfers, Defendants or a creditor to or for whose benefit such transfers were made, gave new value to or for the benefit of the Debtors (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant or such creditor(s).

**EIGHTH AFFIRMATIVE DEFENSE**

8. Any transfer made by the Debtors was made in exchange for reasonably equivalent consideration and/or supported by valuable consideration.

**NINTH AFFIRMATIVE DEFENSE**

9. At all relevant times, Defendants were not insiders of the Debtors.

**TENTH AFFIRMATIVE DEFENSE**

10. At all times relevant hereto, Debtors were solvent.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Debtors were not made insolvent as a result of any transaction described herein.

### TWELFTH AFFIRMATIVE DEFENSE

12. Any transfer described in the Complaint was made to Defendants in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

13. he Defendants hereby adopt and incorporate by reference any other affirmative defenses asserted by other defendants in this action to the extent said defenses are applicable to the Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The Defendants reserves the right to assert other defenses as this action proceeds and reserve the right to file an Amended Answer asserting additional affirmative defenses.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

15. Defendants investment claims are protected from avoidance under applicable non-bankruptcy law.

### JURY TRIAL DEMANDED

Defendants Demand a Jury Trial in this Action.

WHEREFORE, Defendants respectfully requests this Court enter an order i) dismissing the Complaint in its entirety with prejudice and ii) granting such further relief as is fair and just to the Answering Defendants.

Dated: August 3, 2020

      /s/ Lucian Murley
Lucian Murley (DE No. 4892)
**SAUL EWING ARNSTEIN & LEHR LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6898
Fax:    (302) 421-6813
Email: luke.murley@saul.com

Paul L. Vorndran (CO No. 22098)
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Phone: 303-573-1600
Fax:    303-573-8133
Email: pvorndran@joneskeller.com

*Counsel for Defendants Harris Financial Management, and John G. Harris*